# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN KEITH BURROUGH, | No. 4:25-CV-02453 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| WARDEN OF FCI ALLENWOOD, | |
| Respondent. | |

## MEMORANDUM OPINION

### JUNE 15, 2026

Brian Keith Burrough, an inmate confined at the Federal Correctional Institution, Allenwood Low, in White Deer, Pennsylvania, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attempts to collaterally attack his 2008 sentence and, interrelatedly, asks the Court to order the Federal Bureau of Prisons (BOP) to find him eligible to receive time credits under the First Step Act of 2018 (FSA).[1] The Court will dismiss in part and deny in part Burrough's Section 2241 petition.

## I.    BACKGROUND

In December 2008, after pleading guilty, Burrough was convicted on Counts 1 and 2 of his amended indictment: conspiracy to distribute and possess with intent to distribute controlled substances, 21 U.S.C. § 846 (Count 1); and "using,

---

[1]    Pub. L. 115-391, 132 Stat. 5194 (2018).

carrying, and possessing handguns during and in relation to a drug trafficking crime and aiding and abetting," 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 924(j)(1), (2) (Count 2).[2]  He was sentenced by the United States District Court for the Western District of North Carolina to 360 months' incarceration on each count, with the sentences "to be served concurrently."[3]  His current projected release date, via good conduct time, is July 12, 2029.[4]

In his Section 2241 petition, Burrough first argues that the concurrent sentence entered on his Section 924(c) conviction was illegal and instead should have been run consecutively as mandated by 18 U.S.C. § 924(c)(1)(D)(ii).[5]  That statute provides that "no term of imprisonment imposed on a person under this subsection [924(c)] shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed."[6]

Building on this initial argument, Burrough then posits, without any legal support, "If a judge imposes a concurrent sentence [on a Section 924(c) conviction], the judge has not imposed a § 924(c) sentence at all, because the term

---

[2]    *See* Doc. 8-4 at 1-2.
[3]    *Id.* at 2.
[4]    *See* Doc. 8-2 ¶ 3.
[5]    *See* Doc. 1 at 3-4 (quoting 18 U.S.C. § 924(c)(1)(D)(ii)).
[6]    18 U.S.C. § 924(c)(1)(D)(ii).

does not meet the statutory definition."[7]  Burrough's final analytical domino is that since the judge in his case purportedly did not impose a Section 924(c) sentence "at all," Burrough is "not serving a § 924(c) sentence" and the BOP thus wrongly determined that he is ineligible to earn FSA time credits because the FSA only bars inmates who are "serving a sentence under section 924(c)."[8]

Burrough's reasoning is fraught with fatal errors.  For the following reasons, the Court will dismiss in part and deny in part his Section 2241 petition.

## II.    DISCUSSION

Burrough's Section 2241 petition essentially asserts two interrelated claims: (1) a collateral challenge to his 2008 sentence with respect to the sentence entered for his Section 924(c) conviction; and (2) a challenge to the BOP's subsequent, allegedly improper denial of FSA time credits based on his Section 924(c) conviction and sentence.  This Court, however, does not have jurisdiction to consider Burrough's Section 2241 challenge to his underlying sentence.  And his claim regarding FSA eligibility is wholly without merit.

### A.    No Jurisdiction for Challenge to Sentence

Generally, the presumptive method for bringing a collateral challenge to the validity of a federal conviction or sentence is a motion to vacate pursuant to 28

---

[7]    Doc. 1 at 3.
[8]    *See id.* at 4-5; Doc. 11 at 1 (quoting 18 U.S.C. § 3632(d)(4)(D)(xxii)).

U.S.C. § 2255.[9]  Only in the rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255.[10]  Recent Supreme Court precedent has clarified that Section 2255(e)'s saving clause is reserved for exceedingly unique situations where it is "impossible or impracticable to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is unable to be present at a necessary hearing.[11]  The saving clause also "preserves recourse to § 2241 . . . for challenges to detention other than collateral attacks on a sentence."[12]

Burrough's first argument attempts to collaterally attack his underlying 2008 sentence.  But he cannot do so in a Section 2241 petition.  His illegal-sentence claim could have, and should have, been raised in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the sentencing court.  Burrough, however, did not file any such motion.[13]  This is not surprising, as it would make little sense for a criminal defendant to challenge the legality of concurrently run 360-month sentences and argue that they should have been run consecutively.  As such, the claim Burrough is trying to raise now was available at the time he was

---

[9]    *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).

[10]   *See* 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" or "saving clause"); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997), *abrogated by Jones v. Hendrix*, 599 U.S. 465 (2023).

[11]   *See Jones*, 599 U.S. at 474-75, 478.

[12]   *Id.* at 478; *see also id.* at 475-76.

[13]   *See generally United States v. Burrough*, No. 3:04-cr-00191-2 (W.D.N.C.).

sentenced and could have been asserted in a Section 2255 motion.  The mere fact that he failed to file a Section 2255 motion does not render Section 2255 "inadequate or ineffective" such that he can resort to Section 2241.[14]

In summation, there is no jurisdiction in this Court for Burrough to collaterally challenge his 2008 sentence in a Section 2241 petition through Section 2255(e)'s saving clause.  He does not meet the extremely narrow circumstances where the saving clause could apply.  This portion of his Section 2241 petition, therefore, must be dismissed.[15]

### B.    Merits of FSA Claim

The second part of Burrough's habeas argument is that he must be eligible to receive FSA credits because his underlying Section 924(c) sentence is illegal and void and therefore he is not "serving a sentence" under a disqualifying offense set forth in 18 U.S.C. § 3632(d)(4)(D).  This argument is meritless for two reasons.

First, because Burrough has never properly or successfully challenged his sentence via a motion under 28 U.S.C. § 2255, that sentence remains valid.  So he is quite obviously "serving a sentence for a conviction under . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any

---

[14]  *See, e.g.*, *Lanter v. Warden Lewisburg USP*, 844 F. App'x 489, 490-91 (3d Cir. 2021) (nonprecedential) (explaining that simply because petitioner failed to timely file an initial Section 2255 motion raising his claim for relief did not render Section 2255 "inadequate or ineffective" and permit resort to a Section 2241 petition through Section 2255(e)).

[15]  *See Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002).

crime of violence or drug trafficking crime."[16]  Section 3632(d)(4)(D) of Title 18 of the United States Code provides an extensive list of offenses that render a prisoner "ineligible to receive [FSA] time credits" if the prisoner "is serving a sentence for a conviction" for any of the enumerated offenses.[17]  One such disqualifying offense is "Section 924(c)."[18]  Thus, under the plain language of the FSA, Burrough's 2008 Section 924(c) conviction and sentence render him categorically ineligible to receive FSA time credits.  This conclusion is bolstered by the relevant regulations, which plainly state that "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits."[19]

Assuming, only for the sake of argument, that Burrough's Section 924(c) offense was run consecutively to his conspiracy sentence, his FSA claim would still fail.  The argument that a prisoner serving consecutive sentences for different offenses (*e.g.*, one offense which is disqualifying under Section 3632(d)(4)(D) and one which is not) should be treated in a bifurcated manner for FSA eligibility purposes has been consistently rejected by courts within and beyond this district.[20]

---

[16]  18 U.S.C. § 3632(d)(4)(D)(xxii).
[17]  *See id.* § 3632(d)(4)(D).
[18]  *Id.* § 3632(d)(4)(D)(xxii).
[19]  28 C.F.R. § 523.41(d)(2).
[20]  *See, e.g., Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025) (nonprecedential); *Giovinco v. Pullen*, 118 F.4th 527, 531 (2d Cir. 2024), *cert. denied*, No. 24-6827, 145 S. Ct. 1947 (Apr. 21, 2025) (mem.); *Teed v. Warden, Low Sec. Corr. Inst., Allenwood*, No. 1:22-CV-1568, 2022 WL 17252584, at *2 (M.D. Pa. Nov. 28, 2022) (Conner, J.); *Dunston v. Spaulding*, No. 4:20-CV-01961, 2021 WL 2588791, at *2, 4 (M.D. Pa. June 24,

It also runs counter to the plain language of 18 U.S.C. § 3584(c), which mandates that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."

Thus, because Burrough is in fact serving his Section 924(c) sentence as part of his "single, aggregate term of imprisonment," he is statutorily ineligible to receive FSA time credits. Consequently, this second portion of his Section 2241 petition will be denied.

## III.  CONCLUSION

For the foregoing reasons, the Court will dismiss in part and deny in part Burrough's petition for a writ of habeas corpus under 28 U.S.C. § 2241 as more fully set forth herein. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

2021) (Brann, J.) (finding petitioner ineligible for FSA time credits when one of his three convictions was under Section 924(c)); *Keeling v. LeMaster*, No. 0:22-cv-00096, 2022 WL 17407966, at *2 (E.D. Ky. Dec. 2, 2022); *Sok v. Eischen*, No. 22-cv-458, 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022), *adopting report & recommendation,* 2022 WL 17128929 (D. Minn. Nov. 22, 2022).